## LAFOURCHE AND TERREBONNE NAVIGATION CO. *v.* JOHN COLLINS.

12 119
52 461

Where the mandatary has made no agreement for a compensation for his services, and it cannot be inferred, either from the nature of the employment or the relation of the parties, that it was in contemplation of both parties that the mandatary should receive compensation for his services— it is a case of a gratuitous procuration, and the mandatary is not entitled to compensation.
C. C. 2960.

APPEAL from the District Court of the parish of Lafourch, *Cole*, J. *Beatty & Bush*, for plaintiff. *Connelly & Righter*, and *Clifford Belcher*, for defendants. Both parties appellants.

NAVIGATION CO.
*v.*
COLLINS.

LEA, J. This suit is brought to recover from the defendant the sum of $30,000, being an alleged balance due by said defendant for moneys received by him as the mandatary and treasurer of the plaintiff, of which moneys he has refused to render an account.

The defendant avers that on or about the 26th March, 1848, he was appointed by the said company their general agent for the receiving and forwarding of freight and the transaction of its other business in general, without any agreement as to the rate of compensation for his services ; that since that time he has devoted much time and labor to the concerns of said company, which services are worth $2000 per annum. Defendant moreover avers that he has paid and expended for the benefit of said company sums amounting in all to $50,000, for which amount, together with his compensation for the services above mentioned, he claims judgment in reconvention. The defendant rendered an account, which was examined by an auditor whose report was homologated without opposition, the auditor having declined to pass any opinion upon the correctness of the defendant's claim for remuneration for services.

The balance reported by the auditor to be due to the plaintiff by the defendant, viz : $5479 45, was adopted as the basis of the judgment of the court, and upon the reconventional demand the court allowed the sum of $4200, as a compensation for the services referred to in the petition. Both parties have appealed, the defendant averring that the amount allowed is an inadequate compensation, and the plaintiff contending that the defendant is entitled to no compensation whatever. No other question is presented on the appeal except that having reference to the claim for compensation. The District Judge has made a careful analysis of the testimony having reference to the value of the services of the defendant, and has fixed their value at $700 per annum, and if the case were one in which any compensation should be allowed we would consider this as probably a just valuation. On the other hand, we are relieved by the pleadings themselves from all difficulty in determining the *nature* of the contract, out of which this litigation arises. The defendant in his answer avers that he was appointed the *general agent of the company* for the receiving and forwarding of freights and the transaction of other *business in general* "*without any agreement as to the rate of compensation for his services.*" The relation of the defendant to the plaintiff was, therefore, that of a mandatary who has made no agreement for a compensation for his services; a case coming within the application of the 2960th Article of the Civil Code, which says that "the procuration is gratuitous unless there has been a contrary agreement." Though this language is comprehensive and almost positive in its terms, many cases have been recognized in our jurisprudence as constituting exceptions to the rule ; such, for instance, as those in which the services of the mandatary are rendered in the course of an employment or profession where it is customary to make charges for such services ; thus, lawyers, brokers, commission merchants, land agents, &c., though mandataries, are not presumed, even in the absence of any special agreement for compensation, to render their service gratuitously. It has even been held also, and we think correctly, that where the *relations* of the principal and agent were such as to justify the conclusion that there was an *understanding* between them that the services should be remunerated, the mandatary might recover the value of his services. It was upon this doctrine exclusively that the decision in the matter of *Fowler's Succession* was placed. The language of the court in referring to this point is as

follows: But we do firmly believe from their relations and the evidence that the one intended and the other expected that, if their relations terminated, a very liberal reward would be made for those services;" see 7 An. 211 : in other words, a contract is presumed or inferred from the nature of the employment and the relation of the parties.

But, can any such implied contract be inferred in the case at bar, either from the nature of the employment or the relation of the parties? The character of the employment was that of a general superintendent of the affairs of a company of which the defendant was a corporator and a director. It is not shown that it is customary to pay agents of this kind, and from almost all the facts of the case, as disclosed by the evidence, we should infer that a direct pecuniary remuneration was not intended or expected by either of the parties.

To none of those employed in the service of the company, not even to his own partners, did the defendant ever intimate any expectation of compensation. Witnesses well acquainted with the affairs of the defendant state, that the relation of the defendant to the company, as their general agent, was attended with advantages in his business which might of themselves be considered a sufficient compensation. Again, the defendant himself, who had no motive to withold any claim against the company, as was the case with the curator of *Fowler's Succession*, does not appear to have made any charge against the company on his own books, or on those of the company ; and yet he was six years in their employ without ever asserting a claim to any compensation for services which he alleges were worth $2000 per annum.

Upon the whole, we see nothing in the evidence which would justify us in inferring from the relations of the parties, that there was an *understanding* between them that the defendant should be paid for acting as the general agent of the company.

The case at bar has no relation or analogy with one in which a claim upon a contract for services or labor is made, as upon a *quantum meruit* ; in such case the *contract* for compensation is the basis of the action, and there exists no presumption of law in reference to such a contract, as in the case of mandate, that the services are gratuitous ; neither is the defendant's claim analagous to the demand of a *negotiorum gestor* for a reimbursement of all necessary expenses made by him on account of another, for the management or preservation of his property. If the Article of the Code is to be so construed as to have any practical application, it is evident that a mandatary seeking compensation for services rendered in his capacity as such, must bring his claim within the scope of some exception to the general rule that the contract is gratuitous, and must show that his demand is made under circumstances from which it must be inferred that compensation for his services was in contemplation of *both parties* at the time the mandate was conferred.

It is ordered that the judgment appealed from be reversed, and that the plaintiff, the Lafourche and Terrebonne Navigation Company, do have and recover of the defendant, *John Collins*, the sum of $5179 45, with interest thereon at the rate of five per cent. per annum, from judicial demand till paid, and costs of suit, and that the costs of the auditor be taxed at $150. It is further ordered that the demand in reconvention set up by the defendant be rejected, and the costs of this appeal be paid by the defendant *Collins*.